UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CR-92-TAV-HBG |
| | ) | |
| MYRON K. TURMAN, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 52]. The government filed a response in opposition [Doc. 57]. On January 27, 2006, the defendant was convicted of possession with intent to distribute more than fifty grams of crack cocaine and sentenced to twenty years' imprisonment [Doc. 24]. On April 8, 2009, this sentence was reduced to a term of 192 months' imprisonment based upon the government's motion pursuant to Rule 35(b)(2)(B) of the Federal Rules of Criminal Procedure [Doc. 34].

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced

statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Accordingly, because *Blewett* no longer supports the defendant's motion for a sentence reduction, the defendant's motion [Doc. 52] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE