UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:05-CR-92-TAV-HBG-1 |
| | ) | |
| MYRN (MYRON) K. TURMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the defendant's Motion for Resentencing Pursuant to Amendments 750 and 780 to the Sentencing Guidelines [Doc. 60]. The defendant moves the Court to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendments 750 and 780 to United States Sentencing Guidelines. The government has responded, stating that the defendant is eligible for a sentence reduction and deferring to the Court's discretion as to the amount of any such reduction [Doc. 63]. For the reasons that follow, the Court will grant the defendant's motion and reduce his sentence to eighty months' imprisonment.

**I.   Background**

On October 21, 2005, the defendant pleaded guilty to and was convicted of distributing fifty grams or more of a mixture and substance containing cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Doc. 17; Doc. 24].

The Court sentenced the defendant on January 27, 2006 [Doc. 23; Doc. 24]. At the time of his sentencing, the defendant was subject to a statutory mandatory minimum term of imprisonment of twenty years, due to his prior felony drug offense. 21 U.S.C. § 841(b)(1)(A). Thus, the Court sentenced the defendant to a term of imprisonment of two hundred forty months, followed by a term of supervised release of ten years [Doc. 24].

On December 31, 2008, the government moved for a downward departure of forty-eight months, to one hundred ninety-two months' imprisonment, in order to account for the defendant's assistance to the government that became useful more than one year after sentencing, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure [Doc. 30]. Accordingly, the Court amended the defendant's sentence to a term of imprisonment of one hundred ninety-two months [Doc. 34]. The defendant is currently scheduled to be released on July 21, 2019 [Doc. 60 p. 2; Doc. 63 p. 2].

On November 1, 2011, Amendment 750 to the Sentencing Guidelines went into effect. U.S. Sentencing Guidelines Manual app. C, amend. 750. The amendment revised the drug quantity table of section 2D1.1(c) of the Sentencing Guidelines to adjust downward the base offense levels for offenses involving crack cocaine. *Id.* The Sentencing Commission provided that Amendment 750 would have retroactive effect through Amendment 759. *Id.* at app. C, amend. 759.

The Sixth Circuit concluded, however, that defendants whose sentences were originally restricted to a mandatory minimum term of imprisonment, but who had received a departure below the mandatory minimum due to their substantial assistance,

2

were not eligible for a sentence reduction as a result of Amendments 750 and 759. *United States v. Joiner*, 727 F.3d 601, 604–09 (6th Cir. 2013); *United States v. Williams*, 512 F. App'x 594, 597–600 (6th Cir. 2013).

The majority of circuits to consider the issue were in accord. *See United States v. Johnson*, 747 F.3d 915, 917 (7th Cir. 2014); *United States v. Johnson*, 732 F.3d 109, 113–15 (2d Cir. 2013); *United States v. Glover*, 686 F.3d 1203, 1206–08 (11th Cir. 2012). The Third Circuit and the District of Columbia Circuit held to the contrary, finding that such defendants were eligible for a sentence reduction. *In re Sealed Case*, 722 F.3d 361, 365–70 (D.C. Cir. 2013); *United States v. Savani*, 733 F.3d 56, 60–67 (3d Cir. 2013).

In response to this split, the Sentencing Commission issued Amendment 780, which "generally adopts the approach of the Third Circuit in *Savani* and the District of Columbia Circuit in *In re Sealed Case*." U.S. Sentencing Guidelines Manual app. C, amend. 780 (Reason for Amendment 780). The amendment took effect on November 1, 2014. *Id.* The defendant's present motion for a sentence reduction followed.

**II.    Analysis**

A defendant is eligible for a sentence reduction pursuant to § 3582(c)(2) if: "(1) the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) such reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Joiner*, 727 F.3d at 604 (quoting 18 U.S.C. § 3582(c)(2)).

Section 1B1.10 of the Sentencing Guidelines addresses reductions under § 3582(c)(2):

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.

U.S. Sentencing Guidelines Manual § 1B1.10(b). Amendment 750 is listed in subsection (d). *Id.* § 1B1.10(d). Therefore, the amended base offense levels for crack cocaine offenses provided by Amendment 750 may be applied retroactively.

A defendant's amended guideline range is calculated by using the procedures set forth in section 1B1.1(a). *Id.* § 1B1.10 application note 1(A); *Joiner*, 727 F.3d at 604. The procedure for calculating a defendant's amended guideline range as a result of Amendment 750 originally involved first substituting the amended base offense level set forth in the revised drug quantity table and then applying the trumping provisions of sections 5G1.1 and 5G1.2 as appropriate. *Joiner*, 727 F.3d at 605.

Section 5G1.1 provides, in relevant part, that "[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. Sentencing Guidelines Manual § 5G1.1(b). Section 5G1.2 provides, in relevant part, that "the sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed

4

to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently." *Id.* § 5G1.2(a).

Therefore, defendants whose sentences were subject to the trumping provisions of sections 5G1.1 and 5G1.2 were ineligible for a sentence reduction as a result of Amendment 750, because their sentences were not based on a sentencing range that had subsequently been lowered by the Sentencing Commission, and a reduction was not permitted by the applicable policy statements issued by the Sentencing Commission. *Joiner*, 727 F.3d at 604–09; *Williams*, 512 F. App'x at 597–600.

Amendment 780 changes this analysis for defendants who have received a departure below a mandatory minimum sentence for their substantial assistance to the government. *See* 18 U.S.C. § 3553(e) (providing that a departure below a mandatory minimum sentence for a defendant's substantial assistance "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code"); Fed. R. Crim. P. 35(b)(4) ("When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute."). For this class of defendants, "the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction)." U.S. Sentencing Guidelines Manual § 1B1.10(c).

As the Sentencing Commission explained, "[t]his clarification ensures that defendants who provide substantial assistance to the government in the investigation and

prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance." *Id.* at app. C, amend. 780 (Reason for Amendment 780). Here, the defendant is among the class of defendants covered by Amendment 780. Therefore, as the government concedes, he is eligible for a sentence reduction pursuant to § 3582(c)(2).

Because the trumping provisions of sections 5G1.1 and 5G1.2 do not apply, the Court calculates the defendant's amended guideline range by first substituting the appropriate amended crack cocaine base offense level set forth in section 2D1.1 of the Sentencing Guidelines at the time that Amendment 750 became effective, and then making any guideline adjustments in accordance with the original sentence. *Id.* § 1B1.10(b)(1) (providing that "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected").

Here, the defendant was held responsible for 113.4 grams of crack cocaine [Doc. 63 p. 2]. Therefore, his base offense level under section 2D1.1(c) as amended by Amendment 750 is twenty-eight.[1] U.S. Sentencing Guidelines Manual § 2D1.1(c) & app. C, amend. 750. After applying a three-level downward departure for acceptance of responsibility, the defendant's amended offense level is twenty-five. *Id.* § 3E1.1. At a

---

[1] The Court does not apply the additional two-level reduction provided by Amendment 782, because Amendment 782 does not apply retroactively until November 1, 2015. U.S. Sentencing Guidelines Manual § 1B1.10(d), (e).

6

Case 3:05-cr-00092-TAV-HBG   Document 64   Filed 05/08/15   Page 6 of 8   PageID #: 193

criminal history category of V, the defendant's amended guideline range is one hundred to one hundred twenty-five months' imprisonment. *Id.* § 5A.

The Court may depart downward from this amended range in an amount comparable to the downward departure that the Court originally granted for the defendant's substantial assistance. *Id.* § 1B1.10(b)(2)(B). The Court originally granted a twenty percent downward departure in order to reflect the value of the defendant's substantial assistance. A twenty percent departure from the low end of the amended guideline range yields a sentence of eighty months' imprisonment.

In determining the appropriate amount by which to reduce the defendant's sentence, the Court considers the sentencing factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and the defendant's post-sentencing conduct. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10 application note 1(B).

The government states that it has no information to present in opposition to a sentence reduction [Doc. 63 p. 4]. Thus, it appears that a sentence reduction will not create an inordinate risk of danger to any person or the community, and the defendant's post-sentencing conduct has been acceptable.

Upon consideration of the facts of this case and all of the relevant factors, the Court concludes that a reduction to a term of eighty months' imprisonment is appropriate. The Court finds that such a sentence is sufficient, but not greater than necessary, to

comply with the purposes of 18 U.S.C. § 3553(a), taking into account, among other things, the nature and circumstances of the defendant's offense and the defendant's history and characteristics, along with the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

### III. Conclusion

For these reasons, the defendant's Motion for Resentencing Pursuant to Amendments 750 and 780 to the Sentencing Guidelines [Doc. 60] is **GRANTED**. The defendant's sentence is hereby **REDUCED** to **eighty months' imprisonment, and such reduction shall take effect ten days from the entry of this order** to allow the Bureau of Prisons time to fully comply with its statutory obligations. If this sentence is less than the amount of time that the defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the original judgment dated January 31, 2006 [Doc. 24], as amended on April 8, 2009 [Doc. 34], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE